IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

      Petitioner,                    No. CIV S-10-2421 KJM P

  vs.

TIM V. VIRGA,

      Respondent.               ORDER

                                /

         Petitioner is a state prison inmate proceeding with an action he has filed using a form a petition for a writ of habeas corpus. He has consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).

         In the body of the petition, petitioner complains that prison officials did not provide him a weekly meal menu and that unnamed officials with the California Department of Corrections and Rehabilitation (CDCR) "deceptively marked down that they granted my appeal" and misrepresented to a state court that he had been provided the menu. Petition at 4-5.[1] Although petitioner is not explicit in saying so, it appears from the petition and its attachment that petitioner first pursued his claim for a weekly meal menu through CDCR's prison appeals

---

[1] The court uses the page numbers assigned by the court's CM/ECF system.

1

process and then through California's state court habeas process. However, in the federal system a habeas petition must challenge only the fact or duration of an inmate's confinement, while a civil rights action filed pursuant to 42 U.S.C. § 1983 challenges conditions of confinement without regard to the complainant's conviction or sentence. Both of petitioner's claims concern conditions of confinement and conduct by prison officials. Therefore if he has any claim, it can only be as a plaintiff proceeding under the Civil Rights Act.

A civil rights complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). Here, plaintiff does not state how the sole named defendant was involved in refusing him the menu or subsequently misrepresenting that plaintiff was given the menu. The court's usual practice with such pleading deficiencies is to allow time for a plaintiff to amend his pleading in order to aver more specific factual allegations of official participation in a constitutional violation. For the reasons explained below, however, this case shall be dismissed without converting it to a § 1983 action and without leave to amend.

I.   <u>Screening Analysis</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

Plaintiff's claim that prison officials violated his constitutional right by denying him a weekly meal menu is frivolous. Prison officials must make reasonable accommodation for an inmate's dietary needs if they are part of his sincerely held religious beliefs or required by a

1 legitimate medical condition.  See Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008) (holding
2 that the prison's refusal to provide a kosher meat diet implicates the Free Exercise Clause);
3 McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (stating "[i]nmates... have the right to be
4 provided with food sufficient to sustain them in good health [and] that satisfies the dietary laws
5 of their religion").  Here, plaintiff alleges neither a religious belief nor a medical condition in
6 connection with his demand to see a menu.  He simply avers that he has a freestanding right to
7 receive the weekly meal menu in advance.  No such individual right exists under the
8 Constitution, nor has the Ninth Circuit or the Supreme Court recognized any remotely analogous
9 constitutional entitlement.

10       Plaintiff also has no cognizable claim that unnamed officials falsely recorded and
11 stated to another court that he was given a menu.  Rather than provide a guarantee against false
12 accusations or testimony generally, the Due Process Clause guarantees certain procedural
13 protections utilized to defend against false statements.  "Prisoners have 'no constitutionally
14 guaranteed immunity from [false testimony] which may result in the deprivation of a protected
15 liberty interest,' but they do have 'the right not be deprived of a protected liberty interest without
16 due process of law.'"  Campo v. Prosper, 2009 WL 3112425 at *6 (E.D.Cal.) (quoting Freeman
17 v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986)).  Here, plaintiff's claim that officials made false
18 statements fails in two ways.  First, plaintiff appears to have appealed his claim in the prison
19 grievance process and taken his state court habeas challenge all the way to the California
20 Supreme Court (see Order, attached to the petition at 7), and he nowhere suggests that he was
21 denied the procedural protections due at any time during either process.  Second, plaintiff alleges
22 no underlying deprivation of a liberty interest, regardless of what procedural safeguards were or
23 were not observed while he pursued his claim.  Given that he has not alleged he was denied the
24 procedural protections of CDCR's administrative grievance process or of the state court habeas
25 process, and because his claim that he was denied a menu implicates no liberty interest, it is not
26 /////

plausible that plaintiff can sustain a federal civil rights cause of action based on allegedly false statements made during the administrative or state court processes. See Iqbal, 129 S. Ct. at 1949.

Petitioner has requested to proceed in forma pauperis.  His application is deficient because the certificate portion of the request that must be completed by plaintiff's institution of incarceration has not been filled out.  However, for the reasons explained above, the court finds that plaintiff cannot plausibly re-plead either of his claims such that requiring him to submit a complete in forma pauperis application and ordering the withdrawal of funds from his prison trust account would be appropriate.  Instead, dismissal of this action is warranted.

II.     Plaintiff's Action Counts As A "Strike"

The court finds that plaintiff's filing of this action constitutes a "strike" under the Prison Litigation Reform Act's (PLRA) "three strikes" provision, 28 U.S.C. § 1915(g).  That provision empowers a court to deny in forma pauperis status to a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless.  Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).  The bar does not apply if a plaintiff can demonstrate that he is "under  imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

/////

/////

---

[2] "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir.), cert. denied, 533 U.S. 953 (2001).  "Imminent" means "about to occur at any moment or [] impending."  Id. at 315; see also Oxford English Dictionary ("close at hand in its incidence; coming on shortly").

1  Insofar as the official conduct underpinning both of plaintiff's claims is the
2 prison's refusal to provide him with a weekly meal menu, both claims are based on an
3 indisputably meritless legal theory and therefore frivolous.  The filing of this action shall be
4 recorded as a "strike" under the PLRA's "three strikes" provision, 28 U.S.C. § 1915(g).
5  IT IS THEREFORE ORDERED that:
6  1.  This action is dismissed with prejudice, on the ground that it is frivolous.
7  2.  The Clerk of Court is directed to record that this dismissal counts as a "strike"
8 under 28 U.S.C. § 1915(g).
9  3.  Plaintiff's motion to proceed in forma pauperis (Docket No. 2) is denied as
10 moot.
11 DATED:  November 19, 2010.

U.S. MAGISTRATE JUDGE

4
nguo2421.14.new